UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| STATE FARM AND CASUALTY COMPANY, as subrogee of BR Real Estate Holdings 4, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NOAH BUILDERS, LLC, and KNOXVILLE FIRE SPRINKLER, LLC,<br><br>Defendants. | ) | No. 3:25-CV-521-TAV-DCP |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Verified Motion to Recover Service Costs and Fees [Doc. 17]. Defendant Noah Builders, LLC, filed a response in opposition to the motion [Doc. 19], and Plaintiff filed a reply [Doc. 20]. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** the motion [**Doc. 17**].

## I. BACKGROUND

Plaintiff commenced this action on October 28, 2025 [Doc. 1]. The instant motion relates to the costs of service [*See* Doc. 17]. According to the Tennessee Secretary of State, the registered agent for Defendant Noah Builders, LLC ("Noah") is Jeremiah Noah Amet [Doc. 20-1 p. 3]. On the same day of filing the lawsuit, Plaintiff emailed a waiver of service to Defendant Noah [Doc. 17 p. 1; see also 17-1]. According to Plaintiff, it then attempted "service by certified mail, but

[Defendant Noah] ignored that as well" [Do. 17 p. 1 (citation omitted)]. On February 11, 2026, Plaintiff's counsel emailed attorney Michael Derrick about whether he was representing Defendant Noah [Doc. 17-2 p. 3]. Attorney Derrick replied on the same day, "Thanks. It is. I will get the waiver back to you" [*Id.* at 2]. On March 10, 2026, Plaintiff's counsel followed up via email with Attorney Derrick [Doc. 20-2]. Plaintiff asserts that Defendant Noah never waived service, "so a month later[, Plaintiff] retained a private investigator and then a professional process server, who ultimately served [Defendant] Noah  personally on March 30, 2026 [Doc. 17 p. 1 (citing Doc. 17-3)]. "After [Defendant] Noah answered [the] Complaint the next month, Plaintiff states that "[it] submitted the invoices for [its] service costs to [Defendant] Noah" [*Id.*]. Plaintiff claims that Defendant Noah did not respond [*Id.*].

Plaintiff now seeks its fees for having to serve Defendant Noah [*See* Doc. 17]. It argues that under Rule 4(d)(2) of the Federal Rules of Civil Procedure, Defendant Noah must pay costs unless it can show good cause for failing to sign and return the waiver [*Id.* at 1]. Plaintiff states that Defendant Noah cannot do so, and therefore, it must pay the costs [*Id.* at 1–2]. Specifically, Plaintiff seeks $345.50 for research [Doc. 17-2 pp. 6–7], $250 for the process service [*id.* at 8–9], and $1,231.25 for surveillance and process service [*id.* at 10]. In addition, Plaintiff seeks its attorney's fees incurred for filing the motion [Doc. 17 p. 2].

Defendant Noah filed a response in opposition to the motion [Doc. 19]. It states, "The subject waiver of service form appears to have been emailed to the yahoo.com address of the father of [Defendant] Noah's registered agent for service of process" [*Id.* at 2]. Defendant Noah states that it retained counsel in early 2026 and that its counsel "agreed to return the waiver of process and to then undertake to file an answer" [*Id.*]. "Before reviewing pertinent facts and preparing an answer," Defendant Noah submits that "[Plaintiff] undertook to issue a summons and effect formal

service of process on the registered agent, Jerimiah Amet" [*Id.*]. "Following service of the summons and complaint," Defendant Noah states, "an [A]nswer was filed" [*Id.*]. "Due to some confusion with regard to the timing and effective issuance of the initial waiver request, [Defendant] Noah . . . submits that good cause exists for its failure to return the waiver request promptly" [*Id.*]. "[I]n the event the waiver request is deemed to have been sent to the correct party, [Defendant] Noah submits that only a portion of the costs sought would be recoverable as reasonable" [*Id.*]. Defendant Noah asserts, "Plaintiff seeks recovery of expenses for surveillance in addition to the fees associated with service of process and computer research" [*Id.*]. "At a minimum," Defendant Noah contends, "the 9.2 hours of surveillance comprising $1,156.25 were not necessary or reasonable[,] and therefore, would not be a recoverable expense" [*Id.*]. According to Defendant Noah, "[I]t is located in a conspicuously situated building at 1709 Chapman Highway and is easily accessible to the public. It is an active business which is known in the community it serves" [*Id.*]. Defendant Noah asks that the Court deny the motion or in the alternative, limit the costs to $200 for service of process [*Id.*].[1]

Plaintiff replies that it "addressed its wavier request [to] Defendant Noah's registered agent" [Doc. 20 p. 1]. It emailed the request on the same day it commenced a lawsuit and that Plaintiff previously used that same email address "to communicate with [Defendant] Noah, including correspondence about what is at issue in this lawsuit" [*Id.*]. It also mailed the waiver request by certified mail using "the physical address listed on the Tennessee Secretary of State's website for [Defendant] Noah's registered agent" [*Id.*]. Plaintiff states that "[Defendant] Noah rejected the certified letter containing the waiver request" and that after following up with Defendant Noah's counsel, it did not submit the waiver request [*Id.*]. Plaintiff thereafter retained

[1] The costs for the process server were $250 [Doc. 17 pp. 8–9].

an investigator, who "could not locate [Defendant] Noah's registered agent" [*Id.*]. The investigator therefore commenced surveillance [*Id.*].

## II. ANALYSIS

Plaintiff's request is governed under Rule 4(d), which imposes a duty on defendants "to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d). Specifically, the Rule provides:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> **(A)** the expenses later incurred in making service; and
> **(B)** the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2)(A)–(B).

Defendant Noah has not shown good cause for its failure to waive service. It asserts that the waiver was emailed to the father of Defendant Noah's registered agent for service of process. Even so, Plaintiff also sent Defendant Noah's registered agent the waiver via certified mail [Doc. 20-1 pp. 1–2]. *See Chambers v. Kowalsky*, No. 22-10780, 2023 WL 11829004, at *2 (E.D. Mich. June 28, 2023) (finding the plaintiff complied with the procedural requirements of Rule 4(d) by sending the waiver by certified mail). Defendant Noah did not respond to this argument. Moreover, Plaintiff's counsel asked defense counsel twice about waiving service [Doc. 17-2 p. 2; Doc. 20-2 p. 1]. Attorney Derrick stated he would return the waiver but never did [Doc. 17-2 p. 2]. Defendant has therefore not shown good cause, and therefore, an award of costs is warranted. *See* Fed. R. Civ. P. 4(d); s*ee also RRI Assocs. LLC v. Huntington Way Assocs., LLC*, No. 2:22-CV-3273, 2023 WL 3194723, at *1 (S.D. Ohio May 2, 2023) ("A finding of good cause for failure to waive should be rare." (citation omitted)).

Plaintiff seeks $345.50 for research [Doc. 17-2 pp. 6–7], $250 for the process service [*id.* at 8–9], and $1,231.25 for surveillance and process service [*id.* at 10]. In addition, Plaintiff seeks its attorney's fees incurred for filing the motion [Doc. 17 p. 2]. Defendant Noah only specifically objects to the "9.2 hours of surveillance comprising $1,156.25" [Doc. 19 p. 2].[2] The Court therefore awards Plaintiff $670.50 in costs. *See Urmey v. T & S Tree Serv., LLC*, No. 3:24-CV-289, 2025 WL 2647605, at *1 (S.D. Ohio Sept. 16, 2025) ("The motion lays out that the costs of using USPS and of hiring the process server amount to $313.36. The Court believes that these costs are properly taxed against the non-waiving Defendants pursuant to Rule 4(d)(2)(A)); *see also U.S. Engine Prod., Inc. v. AGCS Marine Ins. Co.*, 769 F. Supp. 2d 626, 629 (S.D.N.Y. 2011) ("Pursuant to Rule 4(d)(2), [p]laintiffs are entitled to an award of costs incurred in effecting service (i.e., the process server fee and associated ancillary costs)[.]").

Turning to the surveillance costs, Plaintiff has not sufficiently explained the expenses it incurred by the investigator. *Cf. RRI Assocs. LLC*, 2023 WL 3194723, at *2 ("Plaintiffs request $212.00 for its expenses later incurred in making service. The Court finds such expenses reasonable and properly supported by evidence."). It states, "The investigator initially could not locate [Defendant] Noah's registered agent, so we commenced surveillance to find that agent" [Doc. 20 p. 2]. This is not sufficient. *See Cat 5 Pro, LLC v. Montiel Hodge, LLC*, No. CV 25-733, 2026 WL 1671341, at *2 (E.D. La. June 9, 2026) ("While [the plaintiff] was entitled to pursue any lawful methods of service, Rule 4(d)(2) does not require a defendant to bear service-related

[2] Defendant states, "At a minimum, the 9.2 hours of surveillance comprising $1,156.25 were not necessary or reasonable[,] and therefore, would not be a recoverable expense" [Doc. 19 p. 2]. Later, Defendant asks that the Court award $200 in costs [*Id.*]. But Defendant fails to specifically object to the other costs. *See McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (alteration in original) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n,* 59 F.3d 284, 293–94 (1st Cir.1995)).

expenses that appear to have been incurred despite the availability of a less costly and readily available alternative."). Without more, the Court declines to award these costs.

Finally, Plaintiff seeks its attorney's fees incurred for filing the motion. The Rule expressly provides for the fees for motion filing. *See* Fed. R. Civ. P. 4(d)(2). The Court therefore **DIRECTS** the parties to meet and confer to determine whether they can agree to the reasonable amount of attorney's fees. To the extent they cannot agree, Plaintiff **SHALL** submit a notice containing an itemized time and billing information to support its request on or before **September 18, 2026**.

## III. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Verified Motion to Compel to Recover Service Costs and Fees [**Doc. 20**].

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin

Debra C. Poplin
United States Magistrate Judge